## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LACKAWANNA CHIROPRACTIC P.C., a New York Professional Corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN MEDIA GROUP, INC., a Nevada Corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff, Lackawanna Chiropractic P.C. ("Lackawanna Chiropractic" or "Plaintiff") brings this Class Action Complaint against Defendant First American Media Group, Inc., a Nevada Corporation ("First American" or "Defendant") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by its conduct. Plaintiff, Lackawanna Chiropractic, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### PARTIES

1.      Plaintiff is a professional corporation incorporated and existing under the laws of the state of New York. Lackawanna Chiropractic's principal place of business is in Buffalo, New York.

2.      Defendant, First American, is a corporation incorporated and existing under the laws of the state of Nevada. Its principal office address is 3400 West Desert Inn Road, Suite 28,

Las Vegas, Nevada 89102. First American does business throughout the United States, including

in the State of New York and in this District.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as the

action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA" or the

"Act") a federal statute.

4.      The Court has personal jurisdiction over Defendant and venue is proper in this

District because Defendant has engaged in the wrongful conduct giving rise to Plaintiff's cause

of action in this District. Additionally, venue is proper in this District because Plaintiff resides in

this District.

## COMMON FACTUAL ALLEGATIONS

5.      This case challenges Defendant's practice of sending unsolicited fax

advertisements.

6.      Defendant markets and sells a wide variety of custom printed media, including

banners, calendars, notepads, etc., targeted primarily at businesses and business owners across

the country. Defendant accomplishes this through the use of multiple channels, including the use

of several web domain names targeted at specific geographic locations, the use of various "trade

names," and targeted marketing campaigns that include fax advertisements.

7.      One such name that Defendant operates under is First American Print Group, with

a website located at www.firstamericanprintnewyork.com.

8.      Defendant employed this trade name when sending an unsolicited advertisement

to Plaintiff and the Class, in violation of the TCPA

9.      Furthermore, Defendant employs many additional trade names, including "First

American Print Group," "Silverton Media Group," and "Silverton Printing" to reach a wider audience with their advertisements. Defendant also operates nearly identical websites for each geographic location it purports to serve, such as www.firstamericanprintlasvegas.com, www.firstamericanprintsandiego.com, www.firstamericanprintgroup.com, www.silvertonprintgroup.com, and www.silvertonprint.com. All of these trade names and websites belong to Defendant, First American Media Group, Inc.

10.     Using this business structure, Defendant has created a far-reaching network for the marketing and sale of their goods and services. Unfortunately, as part of this business practice, Defendant has employed, and continues to employ, the use of unsolicited fax advertisements to consumers, including Lackawanna Chiropractic and the Class.

11.     To market Defendant's custom printed media products and services to potential clients, Defendant sends out unsolicited faxes that advertise the existence of Defendant First American and its custom printed media products and services.

12.     Unfortunately for recipients of the faxes, as part of their marketing efforts, Defendant sends unsolicited fax advertisements.

13.     The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.

14.     Defendant sent facsimile transmissions of unsolicited advertisements to Plaintiff Lackawanna Chiropractic and the Class in violation of the JFPA (*See* "First American Fax," a true and correct copy of which is attached hereto as Exhibit A.) The First American Fax

3

promotes the services and goods of Defendant, namely custom printed media products and services. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA to at least 40 other persons as well (and likely to hundreds, or even thousands, of persons).

15.     Unsolicited faxes cause harm to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also interferes with, invades, and intrudes upon the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional time and labor to attempt to discern the source and purpose of the unsolicited message. Such faxes are annoying and are a hassle to deal with.

16.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

17.     Defendant's facsimile transmissions were and are being done in the same or similar manner. That is, Defendant used the same equipment to send facsimiles to Plaintiff as they used to send facsimiles to everyone else. As such, this action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by 47 USC § 227(b)(3).

4

18.     Defendant transmits many of these faxes to individuals and businesses with which they have no prior relationship. Despite this fact, Defendant sends the faxes without invitation or permission, and fails to seek or acquire recipients' consent before transmitting advertisement faxes to them.

19.     In order to curtail this type of behavior, the TCPA prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The Act also requires that all fax advertisements feature statutorily mandated opt-out information.

20.     The fax sent by Defendant constitutes an advertisement as contemplated by the TCPA because it advertises the commercial availability of Defendant's discounted printing services and products, along with pricing and contact information to place an order.

21.     Defendant caused the fax advertisement at issue in this complaint to be sent to recipients by use of a telephone facsimile machine, computer, or other device.

22.     The fax sent by Defendant fails to provide recipients with the proper opt-out notice and information required by the TCPA and its implementing regulations, including: (i) a facsimile machine number for fax recipients to transmit opt-out requests to; (ii) a notice informing fax recipients of their legal right to opt-out of receiving future faxed advertisements; and (iii) a mechanism that allows recipients to opt-out of receiving future faxes at any time on any day of the week.

23.     Accordingly, Defendant was required to obtain the recipients consent before transmitting the fax advertisement in question. Moreover, regardless of any consent so provided, Defendant was also required to provide the opt-out notices mandated by the TCPA. By failing to acquire the fax recipients' consent, and to provide the proper opt-out notices, Defendant has

violated the TCPA.

24.     Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

25.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

26.     Plaintiff is informed and believes that this action is based upon a common nucleus of operative facts because the facsimile transmission at issue was and is being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act, insofar as Defendant is found to have willfully violated the Act.

## FACTS SPECIFIC TO PLAINTIFF

27.     During October 2016, Defendant transmitted the First American Fax by telephone facsimile machine to Lackawanna Chiropractic.

28.     Defendant profited by, and received the benefits of, marketing their products and/or services, and are the responsible party under the TCPA.

29.     Defendant created the First American Fax, which Defendant knew or should have known advertises Defendant's goods or services, and distributed it to Lackawanna Chiropractic, as well as other members of the Class.

30.     The First American Fax is part of Defendant's work or operations to market its goods or services, which is performed by Defendant\ and/or on behalf of Defendant. Therefore, the First American Fax constitutes material furnished in connection with Defendant's work or operations.

31.     Lackawanna Chiropractic never invited nor gave permission to Defendant to send the First American Fax and had no prior relationship with Defendant at all.

32.     Moreover, the First American Fax failed to feature the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)–(iv) by failing to provide, inter alia: (i) a facsimile machine number for fax recipients to transmit opt-out requests to; (ii) a notice informing fax recipients of their legal right to opt-out of receiving future faxed advertisements; and (iii) a mechanism that allows recipients to opt-out of receiving future faxes at any time on any day of the week.

33.     Defendant faxed the same unsolicited facsimile to Plaintiff and at least 40 other recipients without first receiving the recipients' express permission or invitation.

34.     There is no reasonable means for Lackawanna Chiropractic (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ACTION ALLEGATIONS

35.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

All persons who: (1) on or after four years prior to the filing of this action; (2) were sent, by Defendant or on Defendant's behalf, a telephone facsimile message substantially similar to Exhibit A; and (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims they obtained prior express consent to fax the Plaintiff.

36.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

37.     Class Size (F. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes that the number of persons and entities of the Class are numerous and joinder of all members is impracticable. Plaintiff is informed and believes that the number of class members is in the thousands.

38.     Commonality (F. R. Civ. P. 23 (a) (2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a.     Whether the Defendant sent an unsolicited fax advertisement;

b.     Whether the Defendant's faxes advertised the commercial availability of Defendant's goods and/or services;

c.     Whether the manner and method the Defendant used to compile or obtain

the list of fax numbers to which it sent the faxes and other unsolicited faxed advertisements procured prior express permission or invitation from the recipients to send the faxes;

d.      Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e.      Whether the Defendant sent the faxed advertisements knowingly;

f.      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g.      Whether the First American Fax contained an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the legal effect of the failure to comply with such requirements;

h.      Whether the Defendant should be enjoined from faxing advertisements in the future;

i.      Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

j.      Whether Defendant acted willfully so as to require an award of treble damages.

39.      Typicality (F. R. Civ. P. 23 (a)(3)): The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the First American Fax sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with

respect to the Plaintiff and all the class members.

40.    <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff.

41.    <u>Common Conduct (F. R. Civ. P. 23 (b)(2))</u>: Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

42.    <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because, among other reasons:

a.    Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

b.    Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.    The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of

relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e.      This case is manageable as a class action in that:

   i.      The Defendant identified persons or entities to receive the fax transmission and Defendant's computer, business, and phone records will enable the Plaintiff to readily identify class members and establish liability and damages;

   ii.      Liability and damages can be established for the Plaintiff and the Class with the same common proofs;

   iii.      Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

   iv.      A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

   v.      A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

   vi.      As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

### FIRST CAUSE OF ACTION
**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff and the Class)**

43.      Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

45.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

46.     The faxes sent by Defendant, which advertised Defendant's printing services were commercial in nature, and are advertisements under the TCPA.

47.     Plaintiff and the other class members never gave prior express consent to receive the faxes.

48.     **Opt-Out Notice Requirements.** The TCPA also mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains certain opt-out information. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. 64.1200(a)(4)(iii). This information must be provided on facsimile advertisements, regardless of any prior express invitation or permission that may have been provided to the sender to receive a fax advertisement. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

49.     Defendant failed to comply with the TCPA's opt-out disclosure requirements when it sent the First American Fax. Among other things, Defendant failed to: (i) provide a facsimile machine number for fax recipients to transmit opt-out requests to; (ii) inform fax recipients of their legal right to opt-out of receiving future faxed advertisements; and (iii) provide a proper mechanism that allows recipients to opt-out of receiving future faxes at any time on any day of the week.

50.     Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the TCPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

51.     **The First American Fax.** Defendant sent the October 2016 Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Class. The First American Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the First American Fax because it fails to apprise recipients of their legal right to opt out and instead offers a cumbersome mechanism for recipients to opt out of receiving future faxes. Additionally, the First American Fax does not include a statement that the sender must honor a recipient's opt-out request within 30 days or a statement indicating that all fax numbers could be opted out, not merely the fax number at which the First American Fax were received.

52.     The First American Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendant are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the First American Fax via facsimile transmission to Plaintiff and members of the Class.

53.     **Defendant's Other Violations.** Plaintiff is informed and believes that during the

period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Class faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

54. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

55. The TCPA is a strict liability statute.

56. The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services, (b) the First American Fax constituted an advertisement, and (c) that the First American Fax did not apprise recipients of their legal right to opt out, that their opt-out request would be honored within 30 days, or that they had the right to opt out of all of their fax numbers.

57. The Defendant's actions caused concrete legal injury to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and

toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time would otherwise have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone.

58.     As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of the Act.

59.     Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, under 47 U.S.C. §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Lackawanna Chiropractic P.C., on behalf of itself and the Class, requests that the Court grant the following relief:

1.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class and appointing its attorneys' as Class Counsel;

2.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

3.     An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lack the required opt out language, and that Defendant sent the faxes

without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class

4.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled in the event Defendant is found to have acted willfully, and to be paid in to a common fund for the benefit of the Class members;

5.    An order enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

6.    An award of pre-judgment interest;

7.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

8.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 16, 2017

LACKAWANNA CHIROPRACTIC P.C.,
individually and on behalf of all others
similarly situated,

By:    /s/Stefan Coleman_____

**Law Offices of Stefan Coleman**
5 Penn Plaza, 23rd floor
New York, New York 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Stefan Coleman
*law@stefancoleman.com*
*Attorney for Plaintiff and the Class*

# Exhibit A

Valued Member ID: 7168232730

## *DISCOUNT PRINTING IN*
### *Buffalo, NY*

1000 Flyers/Brochures (8.5x11, 100# Gloss Text, 4/4, Gloss Coating) $160.00

1000 Postcards (4x6, 14pt C2S, 4/4, Gloss UV Coating) $70.00

1000 Business Cards (2x3.5, 14pt C2S, 4/4, Gloss UV Coating) $36.00

### *& MUCH MORE AT HUGE SAVINGS*

- **BANNERS & FLAGS**
- **CALENDARS**
- **CARBONLESS FORMS**
- **CATALOGS**
- **COLOR COPIES**
- **ENVELOPES**
- **NOTEPADS**

- **FOAM BOARD SIGNS**
- **LETTERHEAD**
- **MENU PRINTING**
- **MESH BANNERS**
- **POP-UP DISPLAYS**
- **PRESENTATION FOLDERS**

### *<u>Free</u> Local Delivery In*
### *Buffalo, NY*

Call or e-mail for your Fast Quote **(646) 627-7233**
Email: orders@FirstAmericanPrintGroup.com
**First American Print Group**
**276 5ᵗʰ Ave, Suite 704-231**
**New York, NY 10001**

**www.FirstAmericanPrintNewYork.com**

To unsubscribe, please visit www.pleaseunsubscribe.com
All prices are subject to change